# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>CRAIG T. KIMSEL,<br><br>      Debtor. | Case No. 06-00539<br>Chapter 13 |

## ORDER DENYING
## REQUEST FOR WAIVER OF PREPETITION
## CREDIT COUNSELING REQUIREMENT BASED
## ON EXIGENT CIRCUMSTANCES AND DISMISSING CASE

On August 4, 2006, the Debtor commenced this case with the filing of a voluntary petition under chapter 13. The Debtor also filed a certification of exigent circumstances, requesting 30 days after the date of filing the petition in which to obtain the credit counseling required under 11 U.S.C. § 109(h). In the certification, the Debtor explains that a foreclosure sale was scheduled for August 4, 2006, and that he had "no opportunity to attend credit counseling prior to the filing of the Petition." Although the Debtor identified a credit counseling agency from which services were sought, he failed to state the date on which he sought these services.

The court notes that this is not the first request of this type by the Debtor. On May 4, 2006, the Debtor filed a chapter 13 petition in Case No. 06-00268. According to the certification of exigent circumstances filed in that case,

the Debtor contacted a credit counseling agency on May 4, 2006, but would not be able to obtain its services before a foreclosure sale on May 5, 2006. The court granted a 30-day deferral until June 5, 2006, in which to obtain credit counseling. However, the Debtor failed to submit a credit counseling certificate by that deadline and subsequently requested voluntary dismissal of his case on June 14, 2006.

Under 11 U.S.C. § 109(h)(3), a debtor may request a 30-day deferral of the credit counseling requirement by filing a certification that (1) describes "exigent circumstances" supporting the request, (2) states that credit counseling was requested from an approved agency but services could not be obtained in the 5-day period following the request, and (3) is satisfactory to the court. Under the facts presented here, the court finds the Debtor's most recent certification of exigent circumstances unsatisfactory.

The foreclosure sale scheduled for August 4, 2006, undoubtedly presented the Debtor with serious consequences. However, the foreclosure sale was hardly an unforeseeable event given that the Debtor attempted to deal with it by filing the prior bankruptcy petition on May 4, 2006. Where a debtor has knowledge of an impending sheriff's sale or foreclosure and waits until the last minute to seek bankruptcy protection, this "self-created emergency does not

2

U.S. Bankruptcy Court - Hawaii   #06-00539   Dkt # 8   Filed  08/16/06   Page 2 of 4

constitute 'exigent circumstances.'" In re Afolabi, 343 B.R. 195, 198 (Bankr. S.D. Ind. 2006) (citing In re Rodriguez, 336 B.R. 462, 474 (Bankr. D. Idaho) ("Waiting ... until the eve of creditor action before addressing the § 109(h) prerequisites for filing a bankruptcy petition makes the exigency rather self-inflicted.")). The Debtor was well aware of the pending foreclosure and had adequate time to obtain credit counseling before waiting to file his second petition on the day of sale.

Further, the failure to fulfill the credit counseling requirement prior to filing the petition means that the Debtor is ineligible to be a debtor in bankruptcy. Therefore, dismissal of the case is appropriate. In re Dixon, 228 B.R. 383, 389 (B.A.P. 8th Cir. 2006) (collecting cases).

Finally, the Debtor's check for the filing fee in this case has been returned for insufficient funds. The Debtor will continue to owe the fee and the returned check charges.

Finding that the Debtor's certification of exigent circumstances is unsatisfactory and that the Debtor is ineligible to be a debtor in bankruptcy,

IT IS HEREBY ORDERED that the Debtor's request for a waiver of the requirement to obtain credit counseling prior to filing the petition and an additional 30 days in which to obtain the counseling is DENIED, and

IT IS FURTHER ORDERED that this case is DISMISSED, and

IT IS FURTHER ORDERED that the total amount of $319 (the filing fee of $274 plus the returned check charge of $45) remains due from the Debtor.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: **08/16/2006**

4